PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* FRANCISCO MÉNDEZ, Defendant and Appellant.

No. 3803.   Argued July 30, 1929.—Decided March 31, 1930.

*Arturo Aponte,* for appellant.   *R. A. Gómez,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Francisco Méndez appeals from a judgment of conviction whereby he was sentenced to two years' imprisonment in the penitentiary for the crime of voluntary manslaughter, and

in support of his appeal he urges that the lower court erred in not setting aside the verdict of the jury.

The appellant admits that he shot and killed Baudilio Figueroa; but he contends that he is not legally responsible for such killing because he did it in self-defense.

The prosecuting attorney introduced at the trial only one eyewitness, Mariana Colón, who lived in concubinage with Baudilio Figueroa and saw how he was killed. This witness testified that they lived with their children in Playa de Humacao; that on January 5, 1927, she went to the house of her uncle Francisco Méndez who lived in the ward "Duque" of Naguabo; that on the same evening she and a daughter of the said Francisco Méndez, named Paula, went to a party in another house, where Baudilio Figueroa and two friends of his arrived at midnight; that on the following morning all of them went to the house of Francisco Méndez, who served a bottle of rum to Baudilio and his two friends; that Baudilio drank so much that he became intoxicated; that her uncle did not drink; that soon thereafter she brought a cup of coffee to Baudilio, but the latter kicked the cup off her hand and grabbed her by the hair; that the two friends of Baudilio intervened, took her off his hands, threw him out of the house and then went away; that her uncle got hold of a machete, but she succeeded in taking it away from him and then the women shut all the doors and windows of the house and Baudilio remained outside; that Baudilio pushed the doors trying to get in and finally succeeded in opening the front door, through which he entered the house; that when he entered the parlor Francisco Méndez said that he could stand no more and fired a revolver shot at Baudilio, who fell in the parlor, dead. On cross-examination the witness stated that when Baudilio entered the house they were all shut up in a room adjoining the parlor; that she was holding back her uncle in the room and that Méndez took a revolver and fired a shot which killed Baudilio.

The friends who accompanied Baudilio testified that he

became intoxicated with the rum that Francisco Méndez gave him; that Baudilio threw away the cup of coffee which the woman was bringing to him and that he grabbed her by the hair turning her around, but that they took her away from him in order to prevent his beating her and threw him out of the house; that they then departed from the place.

A witness for the prosecution, Felix Astacio, stated that he is a neighbor of Francisco Méndez; that when on the said morning he heard voices crying for help he went to the house of the defendant; that he found the door shut and Baudilio outside pushing the doors and trying to get in, whereupon the witness tried to take him away but he refused to go and the witness returned to his house. The other two witnesses were a physician and the District Chief of the Insular Police, Mr. Soldevila, who, although not present at the time of the occurrence, went to the house thereafter. He stated that Baudilio's face showed a dark stain similar to a smoke stain which appeared on the inside surface of the lowest board of the partition separating the parlor from the adjoining room.

The testimony of the witnesses for the defendant, which consisted of his own testimony and that given by his wife and one of his daughters, tended to show that, while the doors of the house were shut and Baudilio was outside, he uttered insulting words; that when he entered forcing the door open they were all shut in the room, the door of which he tried to open by force and, failing in this, he climbed the partition, which is seven or eight feet high and does not reach to the ceiling, and that, when he showed his head over the partition, Francisco Méndez fired.

Although the jury may not have believed the witnesses for the defense as to the manner in which the death was caused—which testimony presents a clear case of exemption from responsibility for the killing by the appellant in defense of his home—we think that, independently of such testimony,

the evidence for the prosecution is of such a character that it leads to the same conclusion.

According to subdivision 2 of section 209 of the Penal Code, homicide is justifiable when committed in defense of habitation, property, or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony, or against one who manifestly intends and endeavors, in a violent, riotous, or tumultuous manner, to enter the habitation of another for the purpose of offering violence to any person therein. Therefore, a person who kills one who in a violent, riotous, or tumultuous manner, intends or endeavors to enter the habitation of such person for the purpose of assaulting any one therein, commits a justifiable homicide and is exempt from all liability; and as in this case Baudilio Figueroa forced open one of the doors of the house which had been shut because of his assault upon Mariana Colón, who was therein, and entered the house, the appellant was justified in reasonably assuming from such conduct that Baudilio intended to assault Mariana Colón again, and hence the resulting killing was justified in the eye of the law. It is a general rule, expressly affirmed by statute in some jurisdictions, that a person is justified in taking life in defense of his habitation where it is actually or apparently necessary to do so in order to repel another person who attempts to assault a person who is in the house. 30 C. J. 83, par. 262.

For the foregoing reasons the verdict of guilty must be set aside, the judgment appealed from reversed and another entered instead acquitting the defendant.